**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>MAXIMUM PROTECTIVE SERVICES<br>SECURITY INVESTIGATIONS LLC,<br><br>Debtor. | Case No. 25-18167-DER<br>Chapter 7 |
| MORGAN W. FISHER,<br>Chapter 7 Trustee,<br>Law Offices of Morgan Fisher LLC<br>18 West Street,<br>Annapolis, MD 21401<br><br>Plaintiff,<br><br>v.<br><br>THE HARBOR BANK OF MARYLAND<br>Attn: Joseph Haskins, Jr., Resident Agent<br>25 W. Fayette Street,<br>Baltimore, MD 21201<br><br>Defendant. | Adv. No. _____ |

**COMPLAINT FOR TURNOVER OF**
**PROPERTY OF THE ESTATE AND RELATED RELIEF**

Morgan W. Fisher (the "Trustee" or "Plaintiff"), the Chapter 7 Trustee of the bankruptcy

estate of Maximum Protective Services Security Investigations LLC (the "Debtor"), by and

through undersigned counsel, files this complaint against The Harbor Bank of Maryland (the

"Defendant") for the immediate turnover of property of the estate, and states as follows:

## JURISDICTION

1.      This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 542 and 543 and Bankruptcy Rule 7001.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The Trustee consents to the entry of final orders and judgments by this Court concerning the Complaint.

## PARTIES AND PERSONS

5.      Plaintiff, Morgan W. Fisher, is the Chapter 7 trustee in the above-captioned bankruptcy case.

6.      Defendant, The Harbor Bank of Maryland, is a Maryland corporation.

## FACTS COMMON TO ALL COUNTS

7.      On September 5, 2025, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case").

8.      The Plaintiff was appointed the Chapter 7 trustee.

9.      The Debtor's Schedules A/B list a checking account ending in 7545 containing $288,796.94 deposited with the Defendant.

10.     On or about September 9, 2025, the Trustee mailed a letter (the "Turnover Letter") to Defendant requesting that the Defendant immediately turnover to the Trustee's possession all funds deposited in all of the Debtor's accounts with the Defendant and close the accounts.  A copy of the Turnover Letter is attached as **Exhibit A**.

11.     The Defendant did not respond to the Turnover Letter.

12.    The Defendant has not turned over any funds deposited in the Debtor's accounts to

the Trustee.

### COUNT I
### Turnover of Property of the Estate
### (11 U.S.C. § 543)

13.    Section 101(11) provides, in pertinent part:

The term "custodian" means—

…

(C) trustee, receiver, or agent under applicable law, or under a
contract, that is appointed or authorized to take charge of property
of the debtor for the purpose of enforcing a lien against such
property, or for the purpose of general administration of such
property for the benefit of the debtor's creditors.

11 U.S.C. § 101(11).

14.    Section 541(a) of the Bankruptcy Code provides, in pertinent part, that upon the

filing of a bankruptcy petition, a bankruptcy estate is created, consisting of "all legal or equitable

interests of the debtor in property as of the commencement of the case," wherever such property

is located and by whomever held.  11 U.S.C. § 541(a).

15.    Section 543(b) of the Bankruptcy Code provides, in pertinent part, that

A custodian shall—

(1) deliver to the trustee any property of the debtor held by or
transferred to such custodian, or proceeds, product, offspring, rents,
or profits of such property, that is in such custodian's possession,
custody, or control on the date that such custodian acquires
knowledge of the commencement of the case; and

(2) file an accounting of any property of the debtor, or proceeds,
product, offspring, rents, or profits of such property, that, at any
time, came into the possession, custody, or control of such
custodian.

11 U.S.C. § 543(b).

3

16.     Prior to commencing the Bankruptcy Case, the Defendant was authorized to accept and safeguard the Debtor's funds in the Debtor's bank account(s) maintained with the Defendant.

17.     The Defendant is currently in possession, custody, or control of the Debtor's funds deposited in all of the Debtor's accounts with the Defendant.

18.     Defendant is a custodian as that term is defined under the Bankruptcy Code.

19.     The Debtor's funds in its bank account(s) maintained with the Defendant constitute property of the Debtor's bankruptcy estate.

20.     The Defendant acquired knowledge of the Debtor's bankruptcy case on or about September 9, 2025, when the Trustee mailed the Turnover Letter.

21.     Despite express demand therefor by the Trustee, the Defendant has failed and refused to turnover all funds deposited in all of the Debtor's accounts maintained with the Defendant to the Trustee.

WHEREFORE, Morgan W. Fisher, Chapter 7 Trustee, respectfully requests the following relief:

A.      That judgment be entered in favor of the Trustee and against the Defendant as to Count I of the Complaint;

B.      That Defendant immediately turnover to the Trustee's possession, custody, and control all funds deposited in all of the Debtor's accounts maintained with Defendant;

C.      That Defendant provide an accounting of all property of the Debtor that was under the Defendant's possession, custody, or control from September 5, 2022, through the date of judgment; and

D.      That the Trustee be granted such other and further relief as is just and equitable.

4

## COUNT II
### Turnover of Property of the Estate
### (11 U.S.C. § 542)

22.    The Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

23.    Section 541(a) of the Bankruptcy Code provides, in pertinent part, that upon the filing of a bankruptcy petition, a bankruptcy estate is created, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever such property is located and by whomever held.  11 U.S.C. § 541(a).

24.    Section 542(a) of the Bankruptcy Code provides, in pertinent part, that

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

25.    The Debtor's funds in its bank account(s) maintained with the Defendant constitute property of the Debtor's bankruptcy estate.

26.    The Debtor's funds in its bank account(s) maintained with the Defendant, including but not limited to the $288,796.94 deposit in the Debtor's checking account ending in 7545, are of substantial value and benefit to the estate.

27.    The Defendant is currently in possession, custody, or control of the Debtor's funds deposited in all of the Debtor's accounts with the Defendant.

5

28.     Should a determination be made that Defendant is not a Custodian as that term is defined in the Bankruptcy Code, then pursuant to Section 542 of the Bankruptcy Code the Defendant is required to turnover all of Debtor's property to the Trustee.

29.     Despite express demand therefor by the Trustee, the Defendant has failed and refused to turnover all funds deposited in all of the Debtor's accounts maintained with the Defendant to the Trustee.

WHEREFORE, Morgan W. Fisher, Chapter 7 Trustee, respectfully requests the following relief:

A.     That judgment be entered in favor of the Trustee and against the Defendant as to Count II of the Complaint;

B.     That Defendant immediately turnover to the Trustee's possession, custody, and control all funds deposited in all of the Debtor's accounts maintained with Defendant; and

C.     That the Trustee be granted such other and further relief as is just and equitable.

DATED: October 1, 2025                              Respectfully Submitted,

                                                    */s/ Patricia B. Jefferson*
                                                    Patricia B. Jefferson, Fed Bar No.:  27668
                                                    Addison J. Chappell, Fed Bar No.: 21852
                                                    MILES & STOCKBRIDGE P.C.
                                                    100 Light Street, 7th Floor
                                                    Baltimore, Maryland 21202
                                                    Phone: (410) 385-3406
                                                    pjefferson@MilesStockbridge.com
                                                    achappell@MilesStockbridge.com

                                                    *Proposed counsel to the Chapter 7 Trustee*